**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15cv01212-NYW

JOHN J. ELLERTON, an individual,
C & J RESOURCES, INC., a Colorado Corporation,
C & J RESOURCES PENSION PLAN & TRUST, a Colorado trust,

Plaintiffs,

v.

SEFTON RESOURCES, INC., a British Virgin Islands corporation,
MARK R. SMITH,
THOMAS G. KLINE, and
KEITH A. MORRIS,

Defendants.

---

**MOTION TO HOLD CIVIL ACTION IN ABEYANCE PENDING DETERMINATION OF INVOLUNTARY BANKRUPTCY PETITION**

---

JOHN J. ELLERTON ("Mr. Ellerton"), C & J RESOURCES, INC. ("C&J"), and C & J RESOURCES PENSION PLAN & TRUST (the "Trust")(collectively the "Creditors"), through their undersigned counsel, respectfully request that this Court hold this Civil Action in Abeyance Pending a Determination by the United States Bankruptcy Court for the District of Colorado on the Creditor's Involuntary Chapter 7 Bankruptcy Petition against SEFTON RESOURCES, INC. ("Debtor"), and state as follows:

**Certification**

Prior to filing this Motion, the undersigned conferred with counsel for Sefton Resources, Inc., who opposes the relief requested.

1. The Creditors initially filed a civil action in the District Court, City and County of Denver, Colorado against the Debtor and members of its Board of Directors on or about May 14, 2015.

2. On or about June 10, 2015, the Debtor removed the Civil Action from the District Court, City and County of Denver, to this Court.

3. As of the filing of this Motion, the Debtor has refused to file any answer to the Verified Complaint disputing the sums owed to the Creditors. *See Doc. No. 15, Defendant Sefton Resources, Inc.'s Notice of Filing Counterclaims and Partially Opposed Request to Confirm Automatic Stay and to Confirm Filing of Counterclaims.*

4. The Creditors filed a Chapter 7 Involuntary Petition against the Debtor on July 8, 2015 ("Petition Date") pursuant to 11 U.S.C. §303.

5. The Creditors are undisputed creditors of the Debtor according to the Debtor's own audited financial records. Because the Debtor failed to pay its debts to the Creditors, among others, when they were due, the Creditors were forced to file a civil action to recover the sums owed.

6. Pursuant to 11 U.S.C. §362(a), upon the commencement of the Involuntary Petition, all actions against the Debtor and its property are automatically stayed. Thus, the

Creditors are prohibited from moving forward with their offensive claims in this Civil Action.

7. The Debtor has filed a motion to dismiss the Involuntary Chapter 7 Bankruptcy Petition. A copy of the Debtor's Motion to Dismiss is attached hereto as **Exhibit 1**.

8. The Creditors have filed their Response in Opposition to the Debtor's Motion to Dismiss. A copy of the Creditors' Response in Opposition is attached hereto as **Exhibit 2** and incorporated herein by reference.

9. Mr. Ellerton has asserted claims for breach of contract in this Action. *See Verified Complaint, p. 21.* Similarly, C&J and the Trust have asserted claims for breach of fiduciary duty, breach of contract, unjust enrichment. *Id., pp. 20-23.*

10. On August 10, 2015, the Debtor filed Counterclaims against the Creditors, including a breach of contract claim against Mr. Ellerton. *See Doc. No. 16, pp. 10-11.*

11. On the same day, the Debtor commenced an arbitration action against Mr. Ellerton before the American Arbitration Association. The Debtor's Arbitration Demand also contains a breach of contract claim against Mr. Ellerton based upon a prior superceded contract. A copy of the Debtor's Arbitration Demand is attached hereto as **Exhibit 3.** Mr. Ellerton has not yet responded to the Debtor's Arbitration Demand. He reserves all rights thereto.

12. The Creditors are not stayed from defending themselves against the Counterclaims or the defending the Debtor's claims in the Arbitration Action. *In re Bryner*, 425 B.R. 601, 604 (10th Cir.BAP 2010).

13. The Debtor asserts that it could not file a motion to dismiss or affirmative defenses as a result of the Involuntary Petition. *See Doc. No. 15, p. 4.* Such an argument misunderstands the application of the Bankruptcy Code and the automatic stay. The Debtor may assert affirmative defenses in this proceeding; however, the Court may not rule upon those defenses absent relief from the automatic stay. *See Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Orpheum Theater Co., Ltd.*, 151 B.R. 560 (D.Kan. 1993)(citations omitted). Moreover, the claim objection whereby the Bankruptcy Court can determine the validity of a creditor's claim is a core matter. 28 U.S.C. 157(b)(2). Thus, there are a number of options for the Debtor when faced with the Creditors' claims.

14. Likewise, the Creditors may seek relief from stay to proceed with their claims in this action. 11 U.S.C. §362(d); *Franklin Sav. Assoc. v. Office of Thrift Supervision*, 31 F.3d 1020, 1022 (10th Cir. 1994). Typically, courts examine the twelve "Curtis" factors set forth in *In re Curtis,* 40 B.R. 795, 799-800 (Bankr.D.Utah 1984) when determining whether to grant relief from stay to allow pending litigation in another forum to proceed. *Id. See In re Hruby,* 512 B.R. 262, 268-69 (Bankr.D.Colo. 2014). No one *Curtis* factor is determinative and the Court may consider other factors. *In re Hruby*, 512 B.R. at 269. The Creditors have not yet moved for relief from stay in the Debtor's Bankruptcy Case as the Order for Relief has not yet entered. *See* 11 U.S.C. §303(h).

15. Here, the Debtor's claims and the Creditors' claims all arise out of a similar set of factual circumstances: namely, Mr. Ellerton's affiliation with the Debtor, the events surrounding Mr. Ellerton's ouster, the debts owed to the Creditors, and the circumstances following Mr. Ellerton's ouster which rendered the Debtor insolvent. *See Verified Complaint, pp. 3-17; Counterclaims, pp. 3-8.* For the Creditors to defend against the Debtor's Counterclaims, there will necessarily be a duplication of the evidence for the Creditors' claims in their Verified Complaint.

16. The Debtor contends that the Creditors are not eligible to be petitioning creditors as they have not yet obtained a judgment against the Debtor. *See Exh. 1, pp. 10-11.* While at the same time, the Debtor asserts that the Creditors cannot proceed to liquidate their claims against the Debtor due to the Involuntary Petition. *See Doc. No. 15, p. 4.* In essence, the Debtor seeks to wield the automatic stay as a sword against the Creditors, rather than using it as a shield. This is patently apparent by the Debtor's commencement of the Arbitration Action while simultaneously asserting Counterclaims in this action.

17. As a matter of fundamental fairness, as well as due process and judicial economy, the Creditors should not be forced to defend themselves in three different forums.

The Creditors therefore assert that this civil action, including the Debtor's Counterclaims, should be stayed pending a determination of the Involuntary Chapter 7 Bankruptcy Petition by the Bankruptcy Court. *See Solidus Networks, Inc. v. Excel Innovations, Inc. (In re Excel Innovations, Inc.),* 502 F.3d 1086 (9th Cir. 2007)(to

obtain preliminary injunction to stay wholly third party litigation court must balance likelihood of success on merits in reorganization, relative hardships, and public interest).

18. Causing the Creditors to defend themselves in three separate proceedings, in three separate forums creates an undue hardship upon the Creditors. Moreover, it is in hte public interest and the interests of judicial economy, that all of the disputes be resolved by the Bankruptcy Court which is the best forum once the Bankruptcy Court enters the Order for Relief. The Creditors assert that they have met the statutory requirements for the entry of an order for relief as they hold undisputed claims against the Debtor in excess of $15,325 and the Debtor is not paying its debts as they come due. 11 U.S.C. §303(h). *See also, Exh. 2.* Thus, the Creditors believe Bankruptcy Court must issue the Order for Relief. Should the Bankruptcy Court dismiss the Involuntary Bankruptcy Case, then this action may proceed as to all claims, including the Creditors' claims and the Debtor's Counterclaims.

19. Should the Court determine that holding this civil action in abeyance is not appropriate, the Creditors will then file a motion for relief from stay in Debtor's the Bankruptcy Case under 11 U.S.C. §362(d), *In re Curtis*, *supra*, and *In re Hruby*, *supra*. In such event, the Creditors seek an extension of time for the filing of their response to the Debtor's Counterclaims so that they may obtain relief from stay in the Bankruptcy Court. The Creditors therefore seek an extension of 14 days following the Bankruptcy Court's entry of an order on the Creditors' motion for

relief from stay within which to file their response to the Debtor's Counterclaims. Fed.R.Civ.P. 6(b).

20. To the extent necessary, this Motion by the Creditors may be construed as a Response in Opposition to the Debtor's Notice of Filing Counterclaims and Partially Opposed Request to Confirm Automatic Stay and to Confirm Filing of Counterclaims. *See Doc. No. 15*.

WHEREFORE, the Creditors respectfully request that this Court enter an Order Staying this Civil Action pending a determination by the Bankruptcy Court of the Involuntary Chapter 7 Petition, alternatively, that the Court grant the Creditors an extension of time up to 14 days following the Bankruptcy Court's entry of an order on the Creditors' motion for relief from stay within which to file their response to the Debtor's Counterclaims, and that the Court grant such other and further relief as it deems appropriate.

Dated: August 14, 2015

Respectfully submitted,

BUECHLER LAW OFFICE, L.L.C.

By: */s/ Kenneth J. Buechler*

Kenneth J. Buechler, # 30906
1621 18th Street, Suite 260
Denver, CO 80202
Tel: 720-381-0045
Fax: 7230-381-0045
ken@kjblawoffice.com
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2015, a true and correct copy of the foregoing **MOTION TO HOLD CIVIL ACTION IN ABEYANCE PENDING DETERMINATION OF INVOLUNTARY BANKRUPTCY PETITION** was filed and served via CM/ECF which sent notification of the filing to the following:

Danielle L. Kitson, Esq.
Stephen E. Baumann II, Esq.
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202

*/s/ Sharon E. Fox*
For Buechler Law Office, L.L.C.