

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**FEB 22 2016**

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

---

Civil Action: 15-cv-01212-RM-NYW

JOHN J. ELLERTON,
C & J RESOURCES, INC.,
C & J RESOURCES PENSION PLAN & TRUST

                Plaintiffs,

v.

SEFTON RESOURCES, INC.
MARK R. SMITH,
THOMAS G. MILNE
KEITH A. MORRIS

                Defendants.

---

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

## AND REQUEST FOR CONTINUANCE

---

COMES NOW Plaintiff JOHN J. ELLERTON ("Plaintiff") responding to the Oder to Show Cause, dated February 3, 2016, issued by this Court.

1. **BACKGROUND**

This Court granted time (until February 3, 2016) for Plaintiff, et al. to re-engage prior counsel (Ken Buechler, Denver – who had agreed to be the legal representative of Plaintiff, et al, if past due invoices could be bought up to date and a retainer for on-going services be provided).

This time period was generously provided on the back of an Order dated December 14, 2015 from the Family Court for the State of Hawaii (Exhibit 1) in the divorce proceedings between John Ellerton and his wife, Carol Ellerton, who were joint owners of one of the Plaintiffs, C & J Resources, Inc., in this Verified Complaint against Sefton Resources, Inc., et al. (Sefton, et al).

Exhibit 2 is a legal opinion on the joint ownership of C & J as provided by the Denver law firm of Holley, Albertson and Polk, dated July 22, 2014 during an Arbitration Action against Sefton by C & J (2014 JAMS Arbitration, case #15274).

Carol Ellerton has taken the position that she owns 100% of this Colorado S Corporation, without a legal opinion on such.

Sefton, et al. has exploited this and other disputed matters between Carol and John Ellerton, together with Plaintiff's (John Ellerton) limited financial resources (Exhibit 3) in avoiding paying money owed, etc., to Plaintiff et al, as per consulting agreement between Sefton and C & J (to provide services of John Ellerton as CEO- Executive Chairman of Sefton effective October 1, 2010). The consulting agreement between Sefton and C & J was validated by Judge Mays in the aforementioned 2014 Arbitration Action by C & J against Sefton (Exhibit 4).

The money owed by Sefton (not paid when due and/or requested) was affirmed by Sefton's own published audited accounts with Exhibit 5, being a copy of a portion of the most recent such audited financial statement. A deposition of Sefton's own Chief Financial Officer, Raylone J. Whitford dated 09/18/2015 reaffirmed that these monies were owed and outstanding.

At this time, no such evidence to counter these facts have been provided by Sefton (just unsupported accusations and claims with <u>Exhibits 6 and 7</u> disputing these accusations).

Judge Poelman's ruling in Hawaii Family Court (<u>Exhibit 1</u>) provided a discovery period to determine where money taken out of C & J by Carol Ellerton (in excess of K-1/Salary allocations as per C & J annual IRS tax filings) went, with respect to providing relief to John Ellerton (Plaintiff) to reengage Ken Buechler to represent Plaintiffs, et. al. in this Verified Complaint action with John Ellerton having authority/control of C & J for such matters (protecting/pursuing marital assets).

At this time, Carol Ellerton has not been forthcoming with necessary discovery materials to demonstrate where over $500,000 of money removed from C & J (significant amount owed by Carol to C & J itself, in addition to what is owed to John Ellerton individually).

A motion to compel has been filed with the Hawaii Family Court (<u>Exhibit 8</u>) and a court date has been set (March 2, 2016) and in that court hearing John Ellerton will also ask for a ruling regarding the management/control of C & J until the divorce proceedings are finalized.

As a result of these circumstances (and this Order to Show Cause) mentioned above, Plaintiff (John Ellerton) approached Sefton, et al. though their counsel as to a possible agreement/settlement (<u>Exhibit 9</u>) which would be reasonable in light of my situation (In Divorce court, etc.) and Sefton's new management's dilemma with respect to Sefton's past Board of Directors, etc., over possible malfeasances regarding dissipation of Sefton's assets (Defendants in this current legal action (<u>Exhibit 10</u>)).

These discussions are ongoing at this time.

2. **ANSWER TO MOTION TO SHOW CAUSE**.

With John Ellerton's inability to reengage counsel as per Order to Show Cause (which affects all items therein), Plaintiff requests the court to provide a continuance on this action until more discovery is obtained in Family Court and the results of on-going discussions with Sefton, regarding a possible agreement/settlement to this action, are determined.

Otherwise Plaintiff cannot Show Cause in Response to this Order.

DATED:    Wailuku, HI. February __18__, 2016.

JOHN JAMES ELLERTON

2724 Pu'u Ho'olai Street
Kihei, HI. 96753
(808) 359-1037
jjellerton@bdsholdings.net
Plaintiff Pro Se


### CERTIFICATE OF SERVICE

I hereby certify that on February __18__, 2016, a true and correct copy of the foregoing PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE and REQUEST FOR A CONTINUANCE were filed and served via U.S. Mail, postage prepaid, to the following:

Stephen E. Baumann, II
Danielle L. Kitson
Littler Mendelson, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202

DATED: Wailuku, HI. __18 FEBRUARY 2016__

JOHN JAMES ELLERTON, Plaintiff Pro Se