**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT COLORADO**

Civil Action No. 1:15-cv-01212-RM-NYW

JOHN J. ELLERTON, an individual,
C & J RESOURCES, INC., a Colorado corporation,
C & J RESOURCES PENSION PLAN & TRUST, a Colorado trust,

    Plaintiffs,

v.

SEFTON RESOURCES, INC., a British Virgin Islands corporation.

    Defendant.

---

### [PROPOSED] PROTECTIVE ORDER

---

Under Federal Rule of Civil Procedure 26, and subject to the approval of the Court under Federal Rules of Civil Procedure 26(c) and 26(c)(7), upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential and proprietary information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, the following Protective Order ("Protective Order") shall govern the handling of discovery documents and information, which shall consist of documents (as defined in Federal Rule of Civil Procedure 34(a)(1)), including electronically stored information, depositions, deposition exhibits, interrogatory responses, admissions, and any other materials produced, given, or exchanged by and among the parties and any non-parties in connection with discovery in this action (collectively "Information"), and it is hereby ordered that:

1. Information designated as "Confidential" shall be used solely for purposes of preparation and trial of this action and related actions before the United States District Court for the District of Colorado (Case No. 1:15-cv-01212) and the American Arbitration Association (No. 01-15-0004-5717), and any related proceeding (inclusive of appellate proceedings) (the "Litigation") and for no other purpose, including without limitation any commercial or business purpose, absent the prior written consent of the designating party, or leave of the Court.

2. The term "Producing Party" shall mean any party or non-party who produces or discloses Information in the Litigation. The term "Receiving Party" shall mean any person to whom Information is produced or disclosed in the Litigation.

3. Information may be designated "Confidential" by any party's counsel, or any unrepresented party, if there is a good-faith basis <u>after review by counsel of record or the unrepresented party</u> to believe the Information reflects, refers to, or evidences common law and statutory privacy and/or confidentiality interests, such as a trade secret or other confidential or proprietary research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) and applicable state law, or confidential information belonging to a third party, such as a client of or an advisor to a party.

4. All documents, electronically stored information, and tangible items designated "Confidential" shall include a conspicuous stamp on each page or separate item by the Producing Party of "Confidential." The designation shall be made at the time of delivery of the Information to the Receiving Party or as provided in paragraph 13. Where a Receiving Party designates Information as "Confidential," the Receiving Party will notify the other parties to the Litigation of the designation within fourteen (14) days of receiving the documents. In that instance, the

Receiving Party will also within fourteen (14) days re-produce replacement pages of the designated documents with the appropriate confidentiality stamp.

5. "Confidential" designations shall be limited to specific Information that qualifies under the appropriate standards. To the extent it is practical to do so, the designating party must designate for protection only those parts of documents or oral or written communications that qualify, so that other portions of the documents or communications for which protection is not warranted are not swept within the ambit of this Order.

6. "Confidential" Information, including any summaries or reproductions of the Information, shall be inspected or disclosed solely as follows:

    a. The parties' outside counsel, as well as each party's in-house counsel and employees of said outside counsel who are assisting in the conduct of the litigation;

    b. The parties;

    c. Experts retained to testify at trial or consultants retained or engaged by the parties in preparation for trial (collectively "Consultants") and persons in their employ who are assisting in the conduct of this Litigation;

    d. The Court and its personnel, including any appellate court;

    e. Court reporters or stenographic reports or video operators engaged by a party for purposes of the Litigation who shall be informed of the terms of the Order and agree on the record to comply with same;

    f. Outside photocopying, translation, document management, and exhibit preparation, trial services, or other professional vendors the parties engage for purposes

of the Litigation, provided that an officer or duly authorized representative of the person or entity providing such services first signs the "Agreement to Be Bound by Protective Order" (Exhibit A) (the "Undertaking") on behalf of him/herself and/or his/her organization and ensures that all others within the organization working on the project comply with the terms of this Order;

g. During or in preparation for their noticed depositions, witnesses in the Litigation to whom disclosure is reasonably necessary and who have signed the Undertaking. Pages of transcribed deposition testimony or exhibits to depositions that reveal Information designated pursuant to this Protective Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

h. Persons who either prepared or previously received or had lawful access to the Information, provided that preparation or previous receipt of the Information is indicated on the Information or is otherwise established in discovery.

7. Prior to disclosing any "Confidential" Information to any person listed above (other than outside counsel, persons employed by outside counsel, the parties, and the Court and its personnel), counsel or any unrepresented party shall provide such person with a copy of this Protective Order and obtain from such person a signed Undertaking stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such signed copies of the Undertaking shall be retained by counsel or any unrepresented party for the duration of this Litigation and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by the party alleging a breach of the Protective Order.

8.  Notwithstanding the foregoing, this Protective Order shall not (a) prevent any designating party from using or disclosing its own "Confidential" Information as it deems appropriate, so long as disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the Information, and does not result in the Information becoming public knowledge; (b) preclude any party from showing an employee, officer, or Consultant ("Deposition Witness") of a designating party at a deposition of that employee, officer, or Consultant any information provided by the designating party; or (c) preclude or limit any party from the lawful use of any Information lawfully obtained from a source other than the designating party.

9.  Before any Information is designated "Confidential," counsel of record for the designating party, or the designating party if unrepresented by counsel, must make a determination, in good faith, that the documents, information, and/or other materials are confidential and entitled to protection pursuant to the foregoing, or otherwise entitled to protection under Federal Rule of Civil Procedure 26(c) or applicable state law.  Designating the information as "Confidential," represents the attorney's or unrepresented party's certification of this determination.

10. Whenever a deposition involves "Confidential" Information, the deposition transcript or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Protective Order.  Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as "Confidential" after transcription, provided that written notice of the designation is given to all counsel of record and to any unrepresented party within fourteen (14) days after notice by the court reporter of the

completion of the transcript, during which period of time the transcription shall be treated as "Confidential."

11.     When filing any documents that contain information designated "Confidential," such documents shall be filed in accordance with the requirements of the Court or Tribunal pertaining to the filing of sealed or restricted access documents.  <u>Nothing in this Order requires the court to restrict any document or information from public access.</u>

12.     Any party may object to the designation of particular "Confidential" Information by giving written notice to the designating party within twenty-one (21) days of the receipt of the designated Information.  The written notice shall specifically identify the Information to which the objection is made.  If the parties cannot resolve the objection within fourteen (14) days after notice is received, the non-designating party may file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order.  The burden in such an application to the Court is on the designating party to demonstrate good cause why the Information is properly designated as "Confidential."  If such a motion is filed, the disputed Information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion.  If the non-designating party(s) fails to file such a motion, the disputed Information shall retain its designation as "Confidential" and shall be treated as "Confidential" in accordance with this Protective Order.

13.     If at any time prior to the trial of this action a party realizes that previously undesignated Information should be designated as "Confidential," the party may so designate by advising all other parties in writing.  The designated Information will thereafter be treated as "Confidential" pursuant to this Protective Order.  Upon receipt of such designation in writing,

each party shall take reasonable and appropriate action to notify any and all recipients of such Information regarding its protected status, and shall retrieve the newly designated Information from any person who is not permitted by this Protective Order to have such Information.

14. Pursuant to Federal Rule of Evidence 502(d) and (e), which are incorporated by reference, if any party or non-party inadvertently produces or provides Information that it believes is subject to a claim of attorney-client communication, attorney work product, or any other legally recognized privilege, the Producing Party may give written notice to the Receiving Party(s) that the Information is subject to a claim of privilege and request that the Information be returned to the Producing Party. The Receiving Party(s) shall return the Information to the Producing Party, and/or confirm in writing destruction (or, for outside counsel, removing the Information from further review or use in the litigation) of all electronic or paper copies of the Information, within seven (7) days. The return of the Information by the Receiving Party(s) shall not constitute an admission or concession, or permit any inference, that the Information is properly subject to a claim of privilege. If the Receiving Party(s) returning such Information do not agree with the privilege designation, the Receiving Party(s) must notify the Producing Party in writing within seven (7) days of returning the Information to the Producing Party, setting forth the reason for its belief that the Information is not privileged, and the parties shall meet and confer regarding the dispute within three (3) days of the notification. If the dispute cannot be resolved between the parties, the Producing Party shall move the Court, within fourteen (14) days of the completion of such meet-and-confer efforts, to rule on the Information's status and shall produce a copy of the Information to the Court for *in camera* inspection. No waiver shall be deemed to have occurred pending the Court's ruling on the Receiving Party's motion.

15. If "Confidential" Information is disclosed to any person other than in a manner authorized by this Protective Order, the party or person responsible for the disclosure shall, upon discovery, immediately inform the designating party, and shall work in good faith to retrieve the Information. This paragraph shall not limit the rights and remedies of the designating party.

16. This Protective Order shall not prevent any Producing Party or Receiving Party from applying to the Court for further or other protective orders, or for modification of this Protective Order, or from agreeing to modification of this Protective Order, provided, however, that the modification will not harm the rights and interests of designating parties and will not be made merely to accommodate an intervenor's desire to inspect protected documents or testimony or Information. Any agreed to modification shall be in writing, and signed by counsel on behalf of the parties, or by any unrepresented party.

17. In the event additional parties join or are joined in this action, or any additional or different counsel enter an appearance, they shall also be subject to the terms of this Protective Order.

18. Within fifty-six (56) days after the final termination of the Litigation, including all appeals, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as "Confidential" shall be returned to the party that designated it as such, or the parties may elect to destroy "Confidential" documents. When the parties agree to destroy "Confidential" Information, the Receiving Party destroying such Information shall provide the Producing Party with an affidavit confirming the destruction. However, each law firm representing a party or a deponent may retain one copy of all court pleadings and briefs containing "Confidential" Information, one copy of all deposition, hearing, and/or trial

transcripts containing the Information, and copies of documents incorporating or referring to the Information which are inextricably intermingled with the work product of that party's counsel. All documents retained by counsel shall remain subject to this Protective Order. The Court shall retain jurisdiction to enforce this Protective Order after the termination of the Litigation.

19. If a non-designating party or Consultant in possession of "Confidential" Information receives a subpoena from a non-party to the Litigation seeking production or other disclosure of the Information, written notice shall be given to counsel for the Producing Party, or the producing party himself if unrepresented, by the earlier of seven (7) days after such receipt or seven (7) days before response to the subpoena is due, identifying the Information sought and providing the Producing Party a copy of the subpoena. When possible, at least seven (7) days' notice before production or other disclosure shall be given. In no event, absent Court order, shall production or disclosure be made before notice is given. This Protective Order shall not be construed as requiring the non-designating party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the Information at issue.

20. The fact of designation of any Information by any party as "Confidential" shall not be deemed an admission for purposes of this litigation, and shall not constitute admissible evidence at trial.

21. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: May 2, 2016.

                                                     BY THE COURT

                                                     s/ Nina Y. Wang
                                                     Nina Y. Wang
                                                     U.S. District Court Magistrate Judge

**EXHIBIT A**
**UNDERTAKING**

STATE OF _____ )
                         ) ss.
COUNTY OF _____ )

I, _____, being first duly sworn, state that:

1. My present address is: _____.

2. My present employer is: _____.
The address of my present employer is: _____.

3. My present occupation or job description is: _____.

4. I have received a copy of the Protective Order in this case (Case No. 1:15-cv-01212-RM-NYW), signed by the U.S. District Court.

5. I have carefully read and understand the provisions of the Protective Order, will comply with all of its provisions, will hold in confidence and not disclose to anyone not qualified under the Protective Order any designated information or any words, substances, summaries, abstracts, or indices of designated information disclosed to me, and will return all designated information and summaries, abstracts, or indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained, or by any unrepresented party by whom I am retained.

_____
NAME

STATE OF _____ )
                      ) ss.      _____
COUNTY OF _____ )

Subscribed and sworn to me this ____ day of _____, 201_, by _____.

_____
Notary Public

My Commission expires: _____.