## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COLORADO

Civil Action No. 1:15-cv-01212-RM-NYW

JOHN J. ELLERTON, an individual,
C & J RESOURCES, INC., a Colorado corporation,
C & J RESOURCES PENSION PLAN & TRUST, a Colorado trust,

      Plaintiffs,

v.

SEFTON RESOURCES, INC., a British Virgin Islands corporation.

      Defendant.

---

## DEFENDANT SEFTON RESOURCES, INC.'S MOTION FOR MONETARY SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(d)

---

Defendant/Counterclaim Plaintiff Sefton Resources, Inc. ("Sefton"), by and through its attorneys, Danielle L. Kitson and Stephen E. Baumann II of Littler Mendelson, P.C., hereby moves for monetary sanctions against each of the Plaintiffs/Counterclaim Defendants under Federal Rule of Civil Procedure 37(d)(1)(A)(i)-(ii) based on their failure to appear for their properly noticed depositions and their failure to respond to interrogatories (and other discovery requests).[1]

## CONFERRAL CERTIFICATION

Under Federal Rule of Civil Procedure 37(d)(1)(B) and D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred in good faith with Plaintiff/Counterclaim Defendant John J.

---

[1] Sefton also seeks dismissal with prejudice of all claims against Sefton and entry of default on all of Sefton's Counterclaims, but these sanctions are addressed more fully in Sefton's separate Motion for Sanctions [ECF No. 75] and its Reply in Support of that Motion.

Ellerton regarding the relief requested to obtain responses without court action.  Mr. Ellerton has

failed to provide such responses or appear for his deposition, and has not indicated that he

intends to do so, either individually or as the purported representative of Plaintiff/Counterclaim

Defendant C & J Resources, Inc. ("C & J") and/or Plaintiff/Counterclaim Defendant C & J

Resources Pension Plan & Trust (the "Trust").  Mr. Ellerton simply reiterated that Sefton is "well

aware of [his] financial situation," and, despite specific requests, he has refused to respond to

discovery.  Mr. Ellerton opposes the relief requested in this Motion.

## BACKGROUND

At this stage, Plaintiffs/Counterclaim Defendants have completely failed to participate in

the discovery process in this case.  Discovery closes in just two weeks, on June 24, 2016.  As

noted in Sefton's Motion for Sanctions [ECF No. 75], Plaintiffs/Counterclaim Defendants have

never provided initial disclosures.  They have never responded to Sefton's discovery requests,

including interrogatories, all of which were due no later than June 1, 2016.  *See* Ex. A, Email

Transmitting Disc. Reqs.[2]  These requests were properly served on Mr. Ellerton, C & J, and the

Trust at their last known addresses and email of record.  *See, e.g.,* Ex. A; *see also* Notice of

Withdrawal of Appearance of Counsel ¶ 10 [ECF No. 35-1]; *see also* Renewed Mot. for Default,

Ex. A [ECF No. 68-1].  Plaintiffs/Counterclaim Defendants did not seek an extension of time to

respond.  They did not serve objections.  They simply failed to respond.  Sefton is entitled to

sanctions for this failure under Federal Rule of Civil Procedure 37(d)(1)(ii).

---

[2] Plaintiffs/Counterclaim Defendants also completely failed to respond to the discovery requests
Sefton served before the stay was implemented in this action, which remained pending after the
stay was lifted in November 2015.  *See* [ECF Nos. 28, 35, 40].

Mr. Ellerton, C & J, and the Trust have each also failed to appear for properly noticed depositions. Sefton conferred with Mr. Ellerton about deposition dates, as the purported representative for all of the Plaintiffs/Counterclaim Defendants, over the course of nearly a month. *See* Ex. B. Sefton proposed no less than twenty-five (25) dates throughout the months of May and June. On April 26, 2016, just after the Status Conference with the Court, Sefton proposed thirteen (13) dates throughout May. *See id.* Mr. Ellerton promised a response the following week, yet never provided any dates the Plaintiffs/Counterclaim Defendants could be available. *See id.* Sefton then inquired again, and proposed sixteen (16) separate dates. *See id.* Mr. Ellerton indicated that he was moving, and that he would provide Sefton with dates the Plaintiffs/Counterclaim Defendants could be available. *See id.* Sefton waited another two (2) weeks during a rapidly diminishing discovery period, but was provided with no such dates. Sefton then provided twelve (12) dates throughout June, and received no response. *See id.*

Thwarted in its attempt to confer, Sefton was forced to simply notice the depositions of each of the three Plaintiffs/Counterclaim Defendants. *See id.* These Notices were properly served by mail and email to the last known address and email address for all three Plaintiffs/Counterclaim Defendants. *See, e.g.,* Notice of Withdrawal of Appearance of Counsel ¶ 10 [ECF No. 35-1]; *see also* Renewed Mot. for Default, Ex. A [ECF No. 68-1]. In fact, Mr. Ellerton's Declaration [ECF No. 87] acknowledges receipt of the Notices on behalf of all three Plaintiffs/Counterclaim Defendants.

Yet none of the three (3) Plaintiffs/Counterclaim Defendants appeared for their properly noticed depositions. *See* Ex. C, Ellerton Dep. 4:13-15, 5:14-18, June 2, 2016; Ex. D, C & J Dep. 4:16-19, 6:19-22, June 3, 2016; Ex. E, Trust Dep. 4:16-19, 6:12-18, June 6, 2016. Notably,

throughout the conferral process, Sefton had indicated that the depositions would be in Colorado, where Plaintiffs/Counterclaim Defendants had filed this suit.  Mr. Ellerton never objected to the location or suggested any alternate location.  He never provided dates that he, or the other Plaintiffs/Counterclaim Defendants, could be available.  Even now, he has not proposed any dates on which any of the three Plaintiffs/Counterclaim Defendants could be available.  None of the Plaintiffs/Counterclaim Defendants moved for a protective order.  Rather, each simply refused to appear.  As such, Sefton is entitled to sanctions under Federal Rule of Civil Procedure 37(d)(1)(A)(i).

Plaintiffs/Counterclaim Defendants have completely refused to participate in the discovery process of the case that they filed.  Sefton is entitled to sanctions for all of the reasons noted in its Motion for Sanctions [ECF No. 75] and its Reply in Support, as well as for all of the independent and additional reasons noted below.  The time has come for Plaintiffs/Counterclaim Defendants to face the consequences of refusing to participate in their own case.

## ARGUMENT

Under Federal Rule of Civil Procedure 37(d), sanctions are necessary when:

**(i)** a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition; or

**(ii)** a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

*See also* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.").  Each of the Plaintiffs/Counterclaim

Defendants is a party to this action who was properly served with discovery and with deposition notices. Each failed to respond to written discovery. Each failed to appear for his or its deposition. Sefton is entitled to sanctions. *See, e.g., Carbajal v. Warner*, No. 10-cv-02862-REB-KLM, 2013 WL 5609342, at *2 (D. Colo. Oct. 11, 2013).

## I. SEFTON IS ENTITLED TO PAYMENT OF ITS EXPENSES AND FEES CAUSED BY PLAINTIFFS' FAILURE TO RESPOND TO DISCOVERY AND THEIR FAILURE TO APPEAR FOR THEIR DEPOSITIONS.

Under Rule 37(d)(3), the Court "*must require* the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (emphasis added); *see also Carbajal*, 2013 WL 5609342, at *2 (noting that "[t]his mandatory award of expenses may stand on its own or be in addition to any other permissible sanction the mandatory nature of this sanction"). Sefton is entitled to all expenses, including fees, incurred in the failure to respond to discovery and the failures to appear for depositions.[3]

Nothing in the "Declaration by John James Ellerton Regarding Sefton Resources, Inc.'s Notice for Deposition of John J. Ellerton, C & J Resources, Inc. and C & J Resources Pension Plan and Trust Dated May 19, 2016" [ECF No. 87] alters this conclusion. At the outset, Mr. Ellerton's Declaration nowhere addresses the failure to respond to Sefton's discovery requests. That failure, alone, is grounds for monetary sanctions under Rule 37(d)(1)(A)(ii) and Rule 37(d)(3).

---

[3] To be clear, Sefton does not seek expenses as an *alternative* to dismissal and default, which, as argued extensively in its Motion for Sanctions [ECF No. 75] and Reply in Support [ECF No. 88], are the primary sanctions Sefton seeks. Sefton is entitled to reimbursement of its expenses *in addition to* the sanctions of dismissal and default *See* Fed. R. Civ. P. 37(d)(3).

The Declaration also does not justify or excuse Plaintiffs'/Counterclaim Defendants' failures to appear for their properly noticed depositions. The failures described in Rule 37(d)(1)(A) are "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(3). The Declaration cannot suffice. At the outset, Mr. Ellerton has been repeatedly instructed that he may not file on behalf of C & J or the Trust. The Declaration thus could not in any way impact their failures to appear. Moreover, even as to Mr. Ellerton, the Declaration is not a motion for protective order. Among other things, it contains no conferral, seeks no relief, and states no legally or factually cognizable reason why the discovery was improper. *See* Fed. R. Civ. P. 7(b); D.C.COLO.LCivR 7.1(a), (d).

In any event, each of the Plaintiffs/Counterclaim Defendants chose to file suit in this District. The "general rule" is that "plaintiffs must make themselves available for examination in the district in which they brought suit." *See Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 600 (D. Kan. 2012) (collecting cases); *see also Hernandez v. Hendrix Produce, Inc.*, 297 F.R.D. 538, 539-40 (S.D. Ga. 2014) ("[D]efendants are entitled to depose a plaintiff in the forum where plaintiff has chosen to sue." (quoting 8A Fed. Prac. & Proc. Civ. § 2112 (3d ed. Dec. 2012)). Plaintiffs/Counterclaim Defendants did not seek relief from this obligation, or propose any alternative approach.

Mr. Ellerton's "limited financial capabilities" are no excuse. Numerous courts have imposed sanctions based on the failure to appear for a deposition despite allegations of financial difficulties. *See, e.g., Merz v. Cincinnati Senior Care, LLC*, No. 1:14-cv-297, 2014 WL 6901720, at *2 (S.D. Ohio Dec. 5, 2014) (noting that the court was "sympathetic to Plaintiff's

situation," but nevertheless awarded sanctions to defense counsel because "Plaintiff initiated this litigation and therefore it [wa]s her responsibility to prosecute the case, which include[d] appearing for her own properly scheduled and noticed deposition"); *Bhatia v. Pitney Bowes, Inc.,* No. 3:04–cv–1484, 2006 WL 2661143, at *1 (D. Conn. Sept. 14, 2006) (rejecting the argument that sanctions should not be granted because "the plaintiff is indigent and thus had no way of getting to the office of defendant's counsel as ordered by the court" when there was "no indication that the plaintiff made any effort to comply . . ."). Even if the Court may "sympathize[] with plaintiffs and recognize[] their claims of financial hardship," it "cannot ignore that plaintiffs voluntarily submitted themselves to the jurisdiction of this forum." *Xavier v. Belfor USA Grp., Inc.*, No. 06-0491, 2009 WL 3231547, at *5 (E.D. La. Oct. 2, 2009) (granting sanctions). In fact, the Tenth Circuit has even affirmed dismissal with prejudice as a sanction—despite the plaintiff's "alleged financial situation"—when the plaintiff failed to appear for a deposition. *See, e.g., O'Neil v. Burton Grp.*, 559 F. App'x 719, 722-23 (10th Cir. 2014) (unpublished).

Mr. Ellerton simply "has not shown substantial hardship nor compelling grounds for setting aside the general rule regarding location of examinations." *Levick v. Steiner Transocean Ltd.*, 228 F.R.D. 671, 672 (S.D. Fla. 2005) (holding that plaintiff who resided in California must appear for examination and deposition in Miami, Florida, where she had filed suit, despite allegations of "limited financial means"). A "policy against the imposition of sanctions under Federal Civil Rule 37 upon any party who is financially indigent does not accord with the purposes of that rule and would open the door to many possible abuses." *Bosworth v. Record Data of Md., Inc.*, 102 F.R.D. 518, 521 (D. Md. 1984).

Plaintiffs/Counterclaim Defendants chose to file this case in this forum.  Sefton is entitled to depose each of the named Plaintiffs/Counterclaim Defendants in this action.  Sefton is not required to reach out to a possible representative for one of the Plaintiffs, especially when Mr. Ellerton clearly represented to the Court that he maintains "sole . . . management" of C & J.  *See* Ex. F, C & J Dep., Ex. 6, at 3:18-21.  C & J (and the Trust) have the obligation to designate a proper representative.  *See* Fed. R. Civ. P. 30(b)(6).  Plaintiffs'/Counterclaim Defendants' failure to appear is unjustified.

In any event, nothing in Mr. Ellerton's Declaration indicates any dates that he (or any representative for C & J or the Trust) could be available.  None of the Plaintiffs/Counterclaim Defendants requested alternate dates for any deposition at any location.  Sefton is not required to rely on depositions from the prior bankruptcy action that related to issues distinct from the still-live shareholder-derivative and breach-of-fiduciary-duty claims in this case, as well as Sefton's wholly distinct Counterclaims.  In fact, Sefton has never been permitted to depose any of the three Counterclaim Defendants on the allegations in Sefton's Amended Counterclaims in any of the actions filed by Mr. Ellerton.  Sefton is entitled to notice depositions of the Plaintiffs/Counterclaim Defendants in this action and expect appearances after attempting to confer for nearly a month and proposing no less than twenty-five (25) dates.  Plaintiffs'/Counterclaim Defendants' willful failure to appear renders monetary sanctions mandatory under Federal Rule of Civil Procedure 37(d)(3).

## II.    IN ADDITION TO AWARDING SEFTON ITS FEES AND COSTS, THE COURT SHOULD DISMISS PLAINTFFS' CLAIMS, AND ENTER DEFAULT ON SEFTON'S COUNTERCLAIMS.

The monetary sanctions Sefton seeks in this Motion are the minimum sanctions mandated

by Federal Rule of Civil Procedure 37(d)(3).   Given the egregious nature of Plaintiffs'/Counterclaim Defendants' complete refusal to participate in the discovery process in this case, however, the additional sanctions of dismissal and default are warranted.  For all of the reasons asserted in Sefton's Motion for Sanctions [ECF No. 75] and its Reply in Support [ECF No. 88], the most appropriate course of action here would be for the Court to dismiss with prejudice of all claims against Sefton, to enter default on Sefton's Amended Counterclaims, and to additionally award Sefton its reasonable fees and costs with respect to the properly noticed depositions and interrogatories.  *See, e.g., Oilman Int'l, FZCO v. Neer*, No. 10-cv-02810-PAB-BNB, 2012 WL 2871684, at *2 (D. Colo. Apr. 20, 2012) (entering default as "the only effective sanction" based, in part, on the failure to appear for deposition), *report and recommendation adopted in part,* No. 10-cv-02810-PAB-BNB, 2012 WL 2871679 (D. Colo. July 11, 2012). Sefton incorporates fully by reference all arguments made in its Motion for Sanctions [ECF No. 75] and its Reply in Support [ECF No. 88].

## CONCLUSION

Therefore, for all of the foregoing reasons, Defendant Sefton Resources, Inc., respectfully requests that the Court enter sanctions against each of the Plaintiffs/Counterclaim Defendants for their respective failures to respond to discovery and failures to appear for properly noticed depositions as detailed above.  Sefton will provide an itemization of its reasonable costs and fees within fourteen (14) days of any Order granting this Motion.

Dated: June 10, 2016.                    *s/ Stephen E. Baumann II*_____
                                         Danielle L. Kitson
                                         Stephen E. Baumann II
                                         LITTLER MENDELSON, P.C.
                                         A Professional Corporation
                                         1900 Sixteenth Street, Suite 800
                                         Denver, CO  80202
                                         Telephone:  303.629.6200
                                         Fax:  303.629.0200
                                         Email: dkitson@littler.com
                                                sbaumann@littler.com

                                         ATTORNEYS FOR DEFENDANT
                                         SEFTON RESOURCES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2016, a true and correct copy of the foregoing **DEFENDANT SEFTON RESOURCES, INC.'S MOTION FOR MONETARY SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(d)** was filed and served via CM/ECF which sent notification of the filing to the following.  I further certify that I served the foregoing document and copies of all unpublished opinions cited in the foregoing on Plaintiff John J. Ellerton at the addresses listed below under D.C.COLO.LCivR 7.1(e).  The duly signed original is on file at the office of Littler Mendelson, P.C.

John J. Ellerton
2020 Main Street, #507
Wailuku, HI 96793
jjellerton@bdsholdings.net

John J. Ellerton
2724 Puuhoolai St.
Kihei Maui, HI 96753
jjellerton@bdsholdings.net

*s/Arlene Aguilar*_____
Arlene Aguilar